**JUN WEI ZHANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 06–0065–ag.**

United States Court of Appeals, Second Circuit.

Aug. 14, 2006.

Lorance Hockert, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney, William J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

Present: JON O. NEWMAN, GUIDO CALABRESI and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review of the decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Jun Wei Zhang, a native and citizen of the People's Republic of China, seeks review of a December 22, 2005 order of the BIA affirming the July 19, 2004 decision of Immigration Judge ("IJ") Roxanne Hladylowycz denying his application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Jun Wei Zhang*, No. A 29 792 113 (B.I.A. Dec. 22, 2005), *aff'g* No. A 29 792 113 (Immig. Ct. N.Y. City July 19, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts an IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews *de novo* questions of law. *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B).

The IJ reasonably determined that Zhang made no allegations of past persecution, and failed to present objective evidence supporting his claim that he would be forcibly sterilized in the future based on the birth of his United States-citizen children. She observed that Zhang did not claim that any of his male relatives were ever sterilized and that he did not profess to know anyone who had returned from the United States with two children and been forcibly sterilized. She also noted that the Asylum Profile stated that the penalty for returning from abroad with more than one child was a "social compensation fee." She further noted that no other objective evidence in the record addressed the treatment of Chinese nationals returning from abroad with more than one child. This Court has warned against over-reliance on State Department material indicating that, in general, an individual in the applicant's situation would not reasonably fear persecution, and obligates the agency to consider any evidence to the contrary. *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). Here, the IJ's conclusion that Zhang's fear of future persecution was unfounded is substantially supported by the record as a whole, as the IJ considered the State Department's country materials in conjunction with Zhang's own testimony regarding his fear of future sterilization. *Cf. Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S.-born children, "his fear is speculative at best").

The IJ's denial of asylum is thus substantially supported by the record as a whole. Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of deportation. *See Wu Biao Chen v. INS*, 344 F.3d 272, 276 (2d Cir.2003). Additionally, as there is no evidence in the record indicating that Zhang would likely be tortured upon return to China, the denial of relief under the CAT was also appropriate.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.